NO. 8070

FRANK LOPEZ.

VS

ALCIDE CHARLES.

**8070**

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

Court of Appeal,
PARISH OF ORLEANS
FILED MAY 30 1921
J. Stansbury

**8070**

## OPINION.

By his Honor John St. Paul.

Defendant's automobile truck driven rapidly, or slowly (as you please), ran into plaintiff's carriage on a country road. The night was very dark; the truck admittedly had no lights, and the only question is whether or no the carriage had lights.

Plaintiff and his wife swear that the carriage had lights; Mr. and Mrs. Cashman, who were with plaintiff, also swear that the carriage had lights.

The driver of the truck and one Downey who passed the carriage on the road, swear that it had no lights. Defendant swears that when plaintiff stopped at his grocery before the accident, the carriage then had no lights, and plaintiff tried to borrow one (which plaintiff denies). Walter Fisher swears that after the accident Mrs. Cashman told him the # Carriage had no lights; and Lilly Smith swears that after the accident Mrs. Lopez told her the carriage had no lights.

That is the sum and substance of the testimony on that head; and the District Judge, who saw and heard all the witnesses, believed those for plaintiff and did not believe the others.

His appreciation of the testimony is entitled to great weight; and we do not see that he erred.

## II.

There was some testimony to show a compromise, but in our opinion it shows nothing more than an _endeavor_ to reach a settlement, which however was never completed. Moreover it was not reduced to writing and hence could not be considered in any event. C. C. 3071.

## III.

The trial judge allowed plaintiff $35, the value of his ruined harness; and $100, the amount which a blacksmith charged to repair the carriage (not yet paid because plaintiff has not the money, and for which the blacksmith still holds the carriage). He also allowed $20 for one weeks loss of wages, and $50 for pain and suffering; in all $205. The amount allowed appears to us neither excessive nor insufficient, but quite proper; and we shall therefore not disturb it.

The judgment appealed from is therefore affirmed.